NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-848

AYESHA ALEKSOV

vs.

KRIS ALEKSOV & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Ayesha Aleksov, appeals from a judgment entered on a jury verdict on special questions dismissing all claims and counterclaims and an order denying her postjudgment motions.  In pertinent part, the plaintiff claims the judge erred by finding that the answers to special questions were internally and fatally inconsistent and recalling the jury.  We agree, and vacate the judgment of dismissal.

Background.  This case, at its core, is a dispute over the disposition of certain parcels of real property.  The plaintiff alleged that the defendants unlawfully obtained title to two properties owned by Ronald Khan (decedent).  The plaintiff was

---

[1] 28 Bradford Street LLC.

the decedent's daughter and defendant Kris Aleksov (Kris) was his grandson. The plaintiff is Kris's mother. Before his passing, the decedent deeded to Kris a property at 224 West Plain Street (Plain Street); a property at 28-30 Bradford Street, (Bradford Street) was deeded to defendant 28 Bradford Street LLC (LLC).

The plaintiff claimed that the defendants obtained title to the properties through undue influence and fraud. She also claimed that Kris had a fiduciary duty to the decedent, and therefore it was his burden to prove the absence of undue influence and fraud at trial.[2] The defendants denied all of the plaintiff's claims, and filed several counterclaims.[3]

After an eight-day trial, the jury returned a verdict with answers to special questions. The jury found that Kris did not exert undue influence over the decedent or commit fraud when acquiring the properties.[4] The jury additionally found that Kris

---

[2] The plaintiff also alleged that the defendants committed tortious interference with expectancy of inheritance and conversion, but these claims are not at issue in this appeal.

[3] The defendants claimed that the plaintiff committed tortious interference with expectancy of inheritance, conversion, and alleged that they rightfully had title to the properties because of a contract between Kris and the decedent created by promissory estoppel. These claims are not at issue in this appeal.

[4] The jury found no unnatural disposition, so they did not proceed to the further questions on undue influence. The jury

had a fiduciary duty to the decedent and the defendants did not prove that the decedent's transfer of the properties was fair and fully informed, nor did they disprove undue influence and fraud. The jury did not award either party damages.[5] Once the verdict was recorded, the jury was discharged.[6]

Thereafter, the judge sua sponte determined that certain answers to the special questions were inconsistent. He reasoned that the verdict was inconsistent because the jury found no undue influence and no fraud but found that Kris had a fiduciary duty to the decedent and the defendants did not meet their burden of proving an absence of undue influence and fraud. The plaintiff argued that the verdict was not inconsistent because the answers on undue influence and fraud assumed that the plaintiff had the burden of proof, whereas the burden shifted on the remaining questions. The judge disagreed and reconvened the

---

also found that Kris did not make false statements or omit material information to the decedent regarding the transfer of the properties, so they did not proceed to the further questions on fraud.

[5] The jury's answers to the special questions on the counts for tortious interference with expectancy of inheritance, conversion, and promissory estoppel are not at issue in this appeal.

[6] After the jury was discharged, some jurors did an Internet search and discovered previous cases involving the parties. The judge questioned each juror and determined that they all could remain fair and impartial.

jury.  He then asked the jury to further consider their answers to the questions that he believed were inconsistent.

During their deliberations, the jury asked whether the nature of the inconsistency could be clarified because they had originally decided that neither party met their burden of proof. The judge responded that the confusion was about the burden shifting, and directed the jury to the fiduciary duty section of the jury instructions.  The judge also amended the jury verdict slip to be "more consistent and clear," by moving the fiduciary duty questions on the verdict slip.  The defendants objected to this change.

The jury returned a second verdict with answers to the special questions.  The jury found that Kris did not have a fiduciary duty to the decedent, and he did not commit undue influence or fraud.  The jury again did not award damages to either party.  Judgment entered dismissing the plaintiff's claims and the defendants' counterclaims.  The plaintiff moved for reconsideration of the trial judge's finding that the first jury verdict was inconsistent and moved for an entry of judgment notwithstanding the verdict, or in the alternative, a new trial. The judge denied both motions.  This appeal followed.

Discussion.  The plaintiff argues that it was error for the judge to find the jury's first verdict "irreconcilably

4

inconsistent."  We are guided by the principle that "[i]f the jury's answers can be harmonized, they must be resolved so as to harmonize them."  Solimene v. B. Grauel & Co., 399 Mass. 790, 800 (1987).  Only if the evidence cannot be harmonized, may the judge instruct the jury to reconsider their answers or, if the jury cannot be reconvened, order a new trial.  See id. at 800-801.  "In determining whether there is an inconsistency in the jury's answers, the answers are to be viewed in the light of the attendant circumstances, including the pleadings, issues submitted, and the judge's instructions."  Id. at 800.

The plaintiff argues that the first verdict can be reconciled under the "shifting-burden framework," and it is consistent in light of the evidence presented at trial.  The plaintiff explains that because the jury instructions state which party has the burden of proof for each claim, it is possible for the jury to conclude that neither party met their burden.  We agree that the jury could have "remained unconvinced on both sides," and therefore the verdict can be harmonized.

Where a jury "followed instructions in answering questions and 'there is a very reasonable view of the evidence which harmonizes the answers,' special verdicts are not inconsistent."  Palriwala v. Palriwala Corp., 64 Mass. App. Ct. 663, 671 (2005) quoting Technical Facilities of Am., Inc. v. Joseph T. Ryerson &

Son Inc., 24 Mass. App. Ct. 601, 605 (1987). Because "[j]uries are presumed to have followed a judge's instructions," Roberts v. Southwick, 415 Mass. 465, 473 (1993), and the evidence may reasonably be viewed to determine that neither party met their burden, we conclude the verdict was not inconsistent.

Because it is the "jurors' constitutional responsibility to resolve the facts," a trial judge must make a reasonable effort to harmonize the jury's verdict. Solimene, 399 Mass. at 801. See Palriwala, 64 Mass. App. Ct. at 670. Here, the trial judge abused his discretion in failing to do so. Given our conclusion, we need not reach the plaintiff's remaining claims.

Conclusion. The judgment is vacated, and the case is remanded to the Superior Court for entry of a new judgment consistent with the first set of answers to the special questions.

So ordered.

By the Court (Blake, C.J., Desmond & Singh, JJ.[7]),

Clerk

Entered: October 28, 2025.

---

[7] The panelists are listed in order of seniority.